IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KIRUSA, INC., <br><br> Plaintiff, <br><br> v. <br><br> INSTAGRAM, LLC, <br><br> Defendant. | Civil Action No. 1:18-cv-01460-RGA |

**MEMORANDUM ORDER**

Presently before me is Defendant's Motion to Dismiss or Strike Portions of Plaintiff's Prayer for Relief. (D.I. 7). I have reviewed the Parties' briefing. (D.I. 8, 11, 12). Because the action requested by Defendant is unnecessary, I will **DENY** its motion.

Defendant seeks to eliminate four paragraphs of Plaintiff's Prayer for Relief from the Complaint. Specifically, Defendant wishes to remove Plaintiff's request that I find the "INSTA" formative is generic and Plaintiff's requests related to Plaintiff's access to the Facebook and Instagram platforms. (D.I. 8 at 4, 15). Defendant argues, "the character of the litigation will change dramatically if it involves" Plaintiff's requested relief. (*Id.* at 2). I do not see why this would be true.[1] Plaintiff alleges four counts under the Lanham Act and three counts under state law (common law trademark infringement, Delaware Uniform Deceptive Trade Practices Act, and state equitable grounds).[2] (D.I. 11 at 1). Whatever relief Plaintiff may ultimately receive will necessarily stem from the claims, not from Plaintiff's Prayer for Relief. Thus, striking, or

---

[1] It seems unlikely that the requested relief will result in additional discovery. As Plaintiff notes, the factual events leading up to this lawsuit, including any actions taken by Defendant against Plaintiff, are already subject to discovery in this litigation. (D.I. 11 at 8).

[2] Defendant does not challenge the sufficiency of any of these claims. (*See id.*).

dismissing, Plaintiff's requested relief is unnecessary to the orderly and proper disposition of this action.

Moreover, I have a great deal of flexibility when fashioning equitable relief for aggrieved parties. *See Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 322 (1999). Recognizing this, Plaintiff chose to preserve a broad range of potential remedies by requesting relief which, depending on the facts, I could perhaps grant. Defendant does not cite authority that limits my flexibility or precludes me from granting Plaintiff's requested relief in the appropriate circumstances. Accordingly, it is premature for me to decide what relief, if any, will ultimately be available to Plaintiff. That issue is properly determined closer to trial, if not at or after trial.

Defendant's Motion to Dismiss or Strike Portions of Plaintiff's Prayer for Relief (D.I. 7) is **DENIED**.

IT IS SO ORDERED this 12 day of December 2018.

*Richard G. Andrews*
United States District Judge